IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| K.I., *et al.*, <br>     Plaintiffs, <br> -vs- <br> MONTGOMERY PUBLIC SCHOOLS, <br>     Defendant. | Case No. 2:06-cv-905-MEF |

# ANSWER ON BEHALF OF DEFENDANT MONTGOMERY PUBLIC SCHOOLS TO PLAINTIFFS' COMPLAINT

COMES NOW the Defendant, Montgomery Public Schools (hereinafter referred to as "the Defendant" or "MPS"), by and through its counsel of record, and responds to the Plaintiffs' *Complaint* as follows:

## FIRST DEFENSE

The Plaintiffs' *Complaint* fails to state a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

The Defendant's interest in the orderly administration of the Montgomery County Public Schools outweighs any alleged interest or entitlement of Plaintiffs.

## THIRD DEFENSE

For response to each numbered paragraph of the Plaintiffs' *Complaint*, Defendant avers as follows:

### I. INTRODUCTION

1. With regard to the allegations as contained in paragraph 1 of the Plaintiffs' *Complaint*, no response is necessary, but to the extent a response is necessary, said allegations are denied.

### II. JURISDICTION

2. With regard to the allegations as contained in paragraph 2 of the Plaintiffs' *Complaint*, no response is necessary, but to the extent a response is necessary, said allegations are denied.

3. With regard to the allegations as contained in paragraph 3 of the Plaintiffs' *Complaint*, Defendant denies that this Honorable Court has jurisdiction pursuant to 20 U.S.C. § 1415(e)(4). However, the remaining allegations, as alleged are admitted.

4. With regard to the allegations as contained in paragraph 4 of the Plaintiffs' *Complaint*, no response is necessary, but to the extent a response is necessary, said allegations are denied.

### III. PARTIES

5. Defendant denies the allegations as contained in paragraph 5 of the Plaintiffs' *Complaint*.

6. Defendant admits the allegations as contained in paragraph 6 of the Plaintiffs' *Complaint*.

7. Defendant admits the allegations as contained in paragraph 7 of the Plaintiffs' *Complaint*.

### IV. FACTUAL ALLEGATIONS

8. Defendant hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through seven of Plaintiffs' *Complaint*.

9. Defendant denies the allegations as contained in paragraph 9 of the Plaintiffs' *Complaint*.

10. Defendant denies the allegations as contained in paragraph 10 of the Plaintiffs' *Complaint*.

11. Defendant denies the allegations as contained in paragraph 11 of the Plaintiffs' *Complaint*.

12. Defendant admits the allegations as contained in paragraph 12 of the Plaintiffs' *Complaint*, with the exception of the incorrect citations.

13. With regard to the allegations as contained in paragraph 13 of the Plaintiffs' *Complaint*, Defendant denies "MPS is required to provide a program which offers only a trivial or *de minimus* benefit." Defendant admits the remaining allegations as contained in paragraph 13.

14. Defendant denies the allegations as contained in paragraph 14 of the Plaintiffs' *Complaint*.

15. Defendant admits the allegations as contained in paragraph 15 of the Plaintiffs' *Complaint*.

16. Defendant denies the allegations as contained in paragraph 16 of the Plaintiffs' *Complaint*.

17. With regard to the allegations as contained in paragraph 17 of Plaintiff's *Complaint*, it is denied "if a district is unable to implement a student's IEP, then it must revise the IEP to assure that

the child receive appropriate services. 34 CFR 300 343." The remaining allegations contained in paragraph 17 are admitted.

18. With regard to the allegations as contained in paragraph 18 of Plaintiff's *Complaint*, it is admitted that the related services provision of 20 U.S.C. 1401(a)(22) states that MPS has responsibility for speech and language pathology and occupational therapy. It further is admitted that according to other provisions of IDEA, related services include parent training and school nurse services designed to enable a child with a disability to receive a free appropriate public education as described in the IEP of the child. The remaining allegations contained in paragraph 18 are denied.

19. Defendant admits the allegations as contained in paragraph 19 of the Plaintiffs' *Complaint*, with the exception that the IDEA's requirement is to "ensure", not "insure."

20. Defendant admits the allegations as contained in paragraph 20 of the Plaintiffs' *Complaint*.

21. Defendant admits the allegations as contained in paragraph 21 of the Plaintiffs' *Complaint*.

22. Defendant admits the allegations as contained in paragraph 22 of the Plaintiffs' *Complaint*, with the exception that the IDEA's requirement is to "ensure", not "insure."

23. Defendant denies the allegations as contained in paragraph 23 of the Plaintiffs' *Complaint*.

24. Defendant denies the allegations as contained in paragraph 24 of the Plaintiffs' *Complaint*.

25. Defendant denies the allegations as contained in paragraph 25 of the Plaintiffs' *Complaint*.

26. Defendant denies the allegations as contained in paragraph 26 of the Plaintiffs' *Complaint*.

27. Defendant denies the allegations as contained in paragraph 27 of the Plaintiffs' *Complaint*.

28. Defendant denies the allegations as contained in paragraph 28 of the Plaintiffs' *Complaint*.

29. Defendant denies the allegations as contained in paragraph 29 of the Plaintiffs' *Complaint*.

30. Defendant denies the allegations as contained in paragraph 30 of the Plaintiffs' *Complaint*.

31. With regard to the allegations as contained in paragraph 31 of the Plaintiffs' *Complaint*, Defendant admits that the hearing began on September 7, 2005 and that Hearing Officer Cole was assigned to serve as an impartial Hearing Officer. The remaining allegations, as stated in paragraph 31, are denied.

32. Defendant admits the allegations as contained in paragraph 32 of the Plaintiffs' *Complaint*.

## V. CAUSE OF ACTION

33. Defendant hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through twenty-four of Plaintiffs' *Complaint*.

### A. Section 504 and IDEA Violations

34. Defendant admits the allegations as contained in paragraph 34 of the Plaintiffs' *Complaint*.

35. Defendant admits the allegations as contained in paragraph 35 of the Plaintiffs' *Complaint*, with the exception that MPS has an obligation to "provide" rather than "assure" a nondiscriminatory, free appropriate public education.

36. Defendant denies the allegations as contained in paragraph 36 of the Plaintiffs' *Complaint*.

37. Defendant denies the allegations as contained in paragraph 37 of the Plaintiffs' *Complaint*.

38. Defendant denies the allegations as contained in paragraph 38 of the Plaintiffs' *Complaint*.

## VI. RELIEF

Defendant denies that the Plaintiffs are entitled to the relief requested in their prayer for relief.

DATED THIS the 2nd day of November, 2006.

          MONTGOMERY PUBLIC SCHOOLS,
          Defendant,

          By: /S/ Erika P. Tatum
          James R. Seale (3617-E-68J)
          Erika Perrone Tatum (1983-M-66E)
          HILL, HILL, CARTER,
            FRANCO, COLE & BLACK, P.C.
          Post Office Box 116
          Montgomery, Alabama 36101-0116
          334.834.7600
          334.263.5969 fax
          E-mail: jrs@hillhillcarter.com
          E-mail: etatum@hillhillcarter.com
          Counsel for Defendant
          wwm/6630.0174/f:Answer.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendant Montgomery Public Schools To Plaintiffs' Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Deborah A. Mattison, Esquire (dam@wcqp.com), C.L. (Buddy) Scott, Esquire (buddy.scott@scottattorneys.com), and Marsha B. Scott, Esquire (marsha.scott@scottattorneys.com); this the 2nd day of November, 2006.

          /S/ Erika P. Tatum