**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

February 2, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   K.I. et al v. Montgomery Public Schools

Case Number:   2:06cv00905-MEF

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached to redact the minor name.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 13   filed on   February 1, 2007.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **K. I., by and through** ) | |
| **her mother and next friend,** ) | |
| **JENNIE I., and JENNIE I. individually** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO.:** |
| **MONTGOMERY PUBLIC SCHOOLS,** ) | **CV 2:06-CV-905-MEF** |
| ) | |
| **Defendant.** ) | |

## MOTION FOR MODIFICATION OF COURT'S JANUARY 18, 2007 SCHEDULING ORDER

Comes now, plaintiffs, in accordance with this Court's January 18, 2007 Scheduling Order, and hereby move this Court for a revision to that Order. As ground for this Motion, plaintiffs state as follows:

1.  This litigation involves an appeal from a Decision rendered by a Hearing Officer under IDEA relative to the issue as to whether the Montgomery Public Schools (hereinafter the District) has provided K. I. with an appropriate educational program.   2.   The appeal was filed pursuant to 20 U.S.C. 1415 which states that:

> . . . (A)ny party aggrieved by the findings and decisions made under this subsection shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any state court of competent jurisdiction or a District Court of the United States, without regard to the amount in controversy.

20 U.S.C. 1415(i)(2)(A).  Further, in any such action, the Court:

> (i)   shall receive the records of the administrative proceedings;
>
> (ii)  shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on a preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. 1415(i)(2)(C).

3.  Accordingly, dispositive motions under IDEA are unique. *Loren F. v. Atlanta Independent School System*, 349 F.3d 1309 (11th Cir. 2003); *School Board of Collier County, Fla.*, 285 F.3d 977 (11th Cir. 2002).

4.  Courts routinely allow additional evidence at the request of a party when the evidence is helpful to a court's determination as to whether a district has provided an appropriate program to a student with a disability and/or when the evidence provides supplemental information regarding the student's then-current status. *School Board of Collier County, supra.* (Additional expert testimony may help clarify certain aspects of a case); *Doe v. West Boylston School Committee and the Massachusetts Dept. of Educ.*, 28 IDELR 1182 (D.Ct. Mass. 1998) (Evidence which updates a student's responsiveness to a program will provide relevant information regarding the appropriateness of a placement.); *Susan N. v. Wilson School District*, 70 F.3d 751 (3rd Cir. 1995) ("Children are not static beings; neither their academic

progress nor their disabilities wait for the resolution of legal conflicts." Thus, a court should determine whether the additional evidence will assist the court in determining whether Congress' goal in enacting IDEA has been met.). *Id*. at p. 9; *Walker County School District v. Bennett*, 203 F.3d 1293 (11th Cir. 2000) ; *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773 (1st Cir. 1984); *Hernandez v. The Board of Educ. of the City of Chicago*, 34 IDELR 231 (D.C. Ill. 2001) (Given that the court must determine whether IDEA's requirements have been met, evidence of the student's current medical and psychological condition, as well as the impact of the administrative decision, may be helpful).

5.      Moreover, plaintiffs' complaint was also filed under § 504 of the Rehabilitation Act, 29 U.S.C. 794.  Nothing § 504 authorizes a court to restrict the admission of additional evidence.  *See Special Education Law and Litigation Treaties,* Webber, Mark C, 2ed, (April 2002, LRP Publications), § 22: 4.

6.      This Court's January 18, 2007 Scheduling Order set May 18, 2007 as the deadline for any dispositive motion.  That is the same date that the plaintiffs' expert report is due, with the defendants' expert report to follow on June 18, 2007.  The Court has then scheduled a pretrial for August 16, 2007, with any potential evidentiary hearing to be held on September 17, 2007.

7. Plaintiffs respectfully request that this Court modify it's Scheduling Order as requested below. Plaintiffs believe that this modification will serve judicial economy, while allowing this case to proceed consistent with IDEA' statutory construction.

8. Given that this litigation constitutes a modified *ne novo* review, both parties are now required to file their cross dispositive motions as to the merits of the appeal by, May 18, 2007, the current time line for dispositive motions.

9. As plaintiffs have previously explained, however, plaintiffs intend to request that this Court hear additional supplemental evidence in order to, *inter alia*, fill in gaps in the record and to provide important information as to K.'s current status, including her current need for an appropriate educational program in the least restrictive environment. Plaintiffs believe that such evidence is critical to this Court's review of the record and its final decision.

10. Under the current Order, plaintiffs will be required to file their dispositive motion prior to this Court's ruling on their right to introduce supplemental evidence. Given that plaintiffs' belief that the additional evidence is necessary to a proper disposition, this procedural sequence is highly prejudicial to plaintiffs because plaintiffs will be forced to request a dispositive ruling without an opportunity to submit any additional evidence or be heard on the issue. As stated, the

deadline for plaintiffs' expert report is the same the deadline for dispositive motions. Further, under the current Order, in the event that this Court grants plaintiffs' motion to supplement the record, it is highly likely that this Court will – in effect – be asked two different times during the proceedings (once on May 18, 2007; and, again after the submission of the evidence, if evidence is allowed) to issue dispositive rulings on the merits of plaintiffs' appeal.

11.     Further, the current scheduling Order requires plaintiffs to file their dispositive motion prior to the disclosure of defendant's expert witness. Again, under this procedural scheme, Plaintiffs will be highly prejudiced because they will be forced to file their dispositive motion without the opportunity to address any of the evidence offered by defendant's expert.

12.     In their Amended Report of Rule 26(F) Parties' Planning Meeting, paragraph 5, the parties requested that this Court set the deadline for dispositive motions after this Court determined whether to hear additional evidence and after that evidence was presented. Plaintiffs believe that this procedural scheme is consistent with IDEA and that it will ensure judicial economy.

13.     Accordingly, plaintiffs would propose that this Court amend its Scheduling Order as follows:

      a.    By June 30, 2007, any party seeking to introduce additional evidence shall file an appropriate motion with this Court.

      b.    In the event that this Court decides to hear additional evidence, an evidentiary hearing will be set. Thirty days after the hearing, plaintiffs shall file their brief as to the merits of the appeal. Defendant's responsive brief shall be filed twenty-one days thereafter. Plaintiffs shall file any reply withing ten days.

      c.    In the event this Court determines not to hear any additional evidence, plaintiffs shall file their brief as to the merits of the appeal within thirty days of the Court's determination. Defendant's responsive brief shall be filed twenty-one days thereafter. Plaintiffs shall file any reply withing ten days.

14.    In the alternative, plaintiffs would respectfully request that this Court extend the deadline for dispositive motions for 45 days after the submission of defendant's expert report.

WHEREFORE, plaintiffs respectfully request that this Honorable Court grant this Motion and Order the relief requested herein.

                                  Respectfully submitted,

s/Deborah A. Mattison
Deborah A. Mattison
Audrey R. Channell
Counsel for Plaintiffs

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th St. North
Birmingham, Alabama  35203
(205) 314-0500


## CERTIFICATE OF SERVICE

I do hereby certify that I have on February 2, 2007, filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Buddy Scott
James R. Seale
Erika P. Tatum

s/Deborah A. Mattison
OF COUNSEL
