IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

K.I., *et al.*,

    Plaintiffs,

-vs-                                     Case No. 2:06-cv-905-MEF

MONTGOMERY PUBLIC SCHOOLS,

    Defendant.

# RESPONSE ON BEHALF OF DEFENDANT MONTGOMERY PUBLIC SCHOOLS TO PLAINTIFFS' MOTION FOR MODIFICATION

COMES NOW the Defendant, Montgomery Public Schools (hereinafter referred to as "MPS"), by and through its counsel of record, and responds to the Plaintiffs' *Motion for Modification of Court's January 18, 2007 Scheduling Order* as follows:

1. The MPS finds the deadlines identified in the Court's Uniform Scheduling Order to be reasonable and appropriate.

2. The administrative hearing involved 11 days of testimony, including 15 total witnesses and four experts for Plaintiffs. The transcript from the administrative hearing is 2388 pages and there is a 273-page opinion. Accordingly, the administrative record is extremely comprehensive. Further, this case should involve relatively few, if any, depositions.

3. In a case appealing a decision of a hearing officer under the *Individuals with Disabilities Education Act*, the trial court receives the administrative record, but has the discretion to hear additional evidence, and renders a decision based on a preponderance of the evidence. *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293 (11th Cir. 2000). The court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *School Board of Collier County, Florida v. K.C.*, 285 F.3d 977, 981 (11th Cir. 2002).

4. Reasons for supplementation of the administrative record include:

> gaps in the administrative transcript owing to mechanical failure, unavailability of witnesses, an improper exclusion of evidence and evidence concerning relevant events occurring subsequent to the administrative hearing.

*Walker*, supra at 1298.

5. No additional evidence in this case is necessary due to the extensive administrative record and Plaintiffs' failure to establish any reasons for supplementation. *See Escambia County Bd. of Educ. v. Benton*, 406 F.Supp.2d 1248, 1274 (S.D. Ala. 2005) (giving deference to the hearing officer's observations and findings due to the hearing officer's "special expertise in educational matters and because such determinations are clear, well-developed, well-reasoned and well-supported").

WHEREFORE, the MPS respectfully requests that this Honorable Court DENY Plaintiffs' Motion for Modification of the Court's January 18, 2007 Scheduling Order.

RESPECTFULLY SUBMITTED this the 28th day of February, 2007.

MONTGOMERY PUBLIC SCHOOLS,
Defendant,

By: /S/ Erika P. Tatum
James R. Seale (3617-E-68J)
Erika Perrone Tatum (1983-M-66E)
HILL, HILL, CARTER,
   FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
334.834.7600
334.263.5969 fax
E-mail: jrs@hillhillcarter.com
E-mail: etatum@hillhillcarter.com
Counsel for Defendant
wwm/6630.0174/f:Response-Motion for Modification.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Response on Behalf of Defendant Montgomery Public Schools To Plaintiffs' Motion for Modification* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Deborah A. Mattison, Esquire (dam@wcqp.com), Audrey R. Channell, Esquire (achannell@wcqp.com), and C.L. (Buddy) Scott, Esquire (buddy.scott@scottattorneys.com); this the 28th day of February, 2007.

/S/ Erika P. Tatum