IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| K.I., *et al.*, | : |
| Plaintiffs, | : |
| -vs- | : Case No. 2:06-cv-905-MEF |
| MONTGOMERY PUBLIC SCHOOLS, | : |
| Defendant. | : |

# RESPONSE ON BEHALF OF DEFENDANT MONTGOMERY PUBLIC SCHOOLS TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

COMES NOW the Defendant, Montgomery Public Schools (hereinafter referred to as "MPS"), by and through its counsel of record, and responds to Plaintiffs' Motion to Amend as follows:

1. Plaintiffs contend that they are seeking to amend the complaint to clarify their claims. Plaintiffs' Amended Complaint adds new allegations and a request for compensatory damages rather than clarifying any claims. Plaintiffs have failed to exhaust their administrative remedies with regard to the additional claims contained in their Amended Complaint.

2. The Individuals with Disabilities Education Act ("IDEA") provides that disabled students receive a free appropriate public education through the provision of various special education services, including an individualized education program ("IEP"). *See Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1311* (11th Cir. 2003).  A parent who wishes to challenge an IEP, or any matter relating to the provision of a free appropriate public education, may request an impartial due process hearing before a hearing officer. 20 U.S.C. § 1415(f).

3. Once the administrative proceedings are complete, the IDEA provides that either party may challenge those proceedings in state or federal court. *See* 20 U.S.C. § 1415(I).

4. "The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of

local authorities." *N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (*citing Ass'n for Retarded Citizens of Alabama v. Teague*, 830 F.2d 158, 160 (11th Cir. 1987)).

> Key reasons for exhaustion of administrative remedies in IDEA action are: to permit exercise of agency discretion and expertise on issues requiring these characteristics; to allow full development of technical issues and factual record prior to court review; to prevent deliberate disregard and circumvention of agency procedures established by Congress; and to avoid unnecessary judicial decisions by giving agency the first opportunity to correct any error.
> *Id.*

5. The additional allegations in Plaintiffs' Amended Complaint raise new claims that were not addressed at the due process hearing held on September 7, 2005, September 8, 2005, October 3, 2005, October 7, 2005, October 12, 2005, October 17, 2005, October 25, 2005, October 26, 2005, November 8, 2005, November 9, 2005, and May 8, 2006. Because Hearing Officer Cole did not decide these questions, Plaintiffs have not exhausted their administrative remedies with respect to these claims. Failure to exhaust administrative remedies with respect to an IDEA action deprives the court of subject matter jurisdiction. 42 U.S.C. § 1415(l).

6. *Alabama Administrative Code* § 290-080-090.10(4)(c)12 provides an aggrieved party shall file a notice of intent to file a civil action with all parties to the impartial due process hearing within thirty (30) calendar days upon receipt of the decision of the Impartial Due Process Hearing Officer. Said section further provides that a civil action in a court of competent jurisdiction must be filed within thirty (30) days of the filing of the notice of intent to file a civil action. Hearing Officer Cole's Order was issued on August 31, 2006. Plaintiffs' Motion to Amend was filed on March 20, 2007. Plaintiffs' additional claims and request for compensatory damages were not be filed within the applicable statute of limitations.

7. Plaintiffs also contend in their Motion to Amend Complaint that they have "provided updated citations, consistent with IDEA's 2004 Reauthorization." (Plaintiffs' Motion to Amend Complaint, ¶2).

8. Plaintiffs' due process hearing request was filed with the Alabama State Department of Education on April 21, 2005. The reauthorized IDEA 2004 went into effect on July 1, 2005. *See*

42 U.S.C. § 1400 *et seq*.  The federal regulations for the reauthorized IDEA were effective on October 13, 2006. *See* 34 C.F.R. § 300.1 *et seq*.  Accordingly, at the due process hearing, Hearing Officer Cole applied the IDEA in effect at the time the due process hearing request was filed and not the reauthorized IDEA 2004. (See transcript of due process hearing, p.86).  Neither the reauthorized IDEA, nor the new corresponding federal regulations, state that they apply retroactively. *See Lawrence Township Bd. of Educ. v. New Jersey*, 417 F.3d 368 (3rd Cir. 2005) (stating that amendments to the IDEA have prospective application only).  Therefore, the IDEA and regulations in effect at the time Plaintiffs filed their due process hearing are applicable in this case.  Any attempts by Plaintiffs to amend their complaint to provide updated references to the reauthorized IDEA should not be permitted.

WHEREFORE, the MPS respectfully requests that this Honorable Court DENY Plaintiffs' Motion to Amend Complaint.

RESPECTFULLY SUBMITTED this the 27th day of March, 2007.

          MONTGOMERY PUBLIC SCHOOLS,
          Defendant,

          By: /S/ Erika P. Tatum
          James R. Seale (3617-E-68J)
          Erika Perrone Tatum (1983-M-66E)
          HILL, HILL, CARTER,
             FRANCO, COLE & BLACK, P.C.
          Post Office Box 116
          Montgomery, Alabama 36101-0116
          334.834.7600
          334.263.5969 fax
          E-mail: jrs@hillhillcarter.com
          E-mail: etatum@hillhillcarter.com
          Counsel for Defendant
          wwm/6630.0174/f:Response-Motion to Amend Complaint.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Response on Behalf of Defendant Montgomery Public Schools To Plaintiffs' Motion to Amend Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Deborah A. Mattison, Esquire (dam@wcqp.com), Audrey R. Channell, Esquire (achannell@wcqp.com), and C.L. (Buddy) Scott, Esquire (buddy.scott@scottattorneys.com); this the 27th day of March, 2007.

/S/ Erika P. Tatum