IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| K.I., by and through her mother and next friend, Jennie I., *et al.,* ) ) ) | |
| Plaintiffs ) | |
| v. ) | CASE NO. 2:06-cv-905-MEF |
| ) | |
| MONTGOMERY PUBLIC SCHOOLS, ) ) | |
| Defendant. ) | |

## **O R D E R**

This cause is presently before the Court on two motions: the Motion for Modification of Court's January 18, 2007 Scheduling Order (Doc. # 13) filed by plaintiffs on February 1, 2007 and the Motion to Amend Complaint (Doc. # 18) filed by plaintiffs on March 20, 2007. These motions raise serious concerns about the Court's ability to manage the litigation under the existing Uniform Scheduling Order. Indeed, upon further reflection, the Court is inclined to vacate certain deadlines in the Uniform Scheduling Order and to address threshold matters concerning this case prior to setting new deadlines. Originally, it was this Court's intention to try to expedite the threshold matters so that the case could possibly be resolved prior to the start of another school year. A status conference was held before the undersigned on April 4, 2007. At the conclusion of that status conference, the parties advised the Court that they had scheduled mediation before a private mediator in late April or possibly early May. This Court deems it important to allow the parties to engage in good faith negotiations without having to first incur further legal expenses. Accordingly, the Court will postpone

the determination of certain issues until after the mediation is attempted.

It is hereby ORDERED as follows:

1. On or before **April 6, 2007**, defendant shall file a copy of the administrative record for this case.

2. On or before **May 7, 2007**, the parties shall jointly file a report on the status of their settlement negotiations.

3. On or before **May 11, 2007,** any party seeking to submit any additional evidence not contained in the administrative record shall file a written proffer of the evidence that the party seeks to add to the evidentiary record.  The party seeking to submit such evidence may not file the supplemental evidence itself, rather the party must file a written description of the supplemental evidence they would have this Court consider.  For exhibits, the proffer must identify the exhibit by describing the nature of the exhibit and to what subject or topic it is relevant.  For witnesses, the proffer must identify the name and title/position of the witness and indicate whether the witness' testimony, if allowed, would be offered live, by deposition, by declaration, or by affidavit.  The proffer must also clearly indicate the precise topics about which the witness would testify.  Finally, the proffer must explain why each piece of additional evidence, whether offered by witness or exhibit, is not cumulative of the administrative record and is appropriate under binding precedents from the United States Supreme Court or the Eleventh Circuit Court of Appeals.  In so doing, the party seeking to submit supplemental evidence must address in a meaningful way the approved reasons for

supplementation set forth in *Walker County Sch. Dist. v. Bennett,* 203 F.3d 1293 (11th Cir. 2000) and the limitations on the scope of this Court's review of this case as set forth in *School Bd. of Collier County, Fl. v. K.C.,* 205 F.3d 977 (11th Cir. 2002). **The proffer may not exceed 30 pages in length.**

4. Any opposition to any proffer made in accordance with paragraph 2 of this Order shall be filed no later than **May 18, 2007**. Any such opposition must be very specific in identifying in a precise fashion exactly which evidence or testimony is objectionable and why it is objectionable under the applicable legal authorities.

5. The deadlines set by Sections 1, 2, 8, 10, 11, and 12 of this Court's January 18, 2007 Uniform Scheduling Order (Doc. # 12) are hereby CONTINUED GENERALLY until further order of this Court.

6. In light of the foregoing, the Motion for Modification of Court's January 18, 2007 Scheduling Order (Doc. # 13) is DENIED.

7. Plaintiffs are hereby ADVISED that based on the representations of counsel, the Court shall not consider any request for preliminary injunctive relief prior to its decision on the request for permanent injunctive relief unless plaintiffs file a motion and supporting brief.

8. The Motion to Amend Complaint (Doc. # 18) shall remain pending until after the Court rules on the issue of supplementation.

DONE this the 6th day of April, 2007.

                                              /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE