IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| K.I., by and through her mother and next friend, Jennie I., *et al.*, | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | CASE NO. 2:06-cv-905-MEF |
| MONTGOMERY PUBLIC SCHOOLS, | ) ) | |
| Defendant. | ) | |

# **O R D E R**

This cause is presently before the Court on the Motion to Continue May 11, 2007 Deadline to Proffer Additional Evidence (Doc. # 42) filed on May 9, 2007. The Court has reviewed the motion and Defendant's opposition to it.

It is hereby ORDERED as follows:

1. The Motion to Continue May 11, 2007 Deadline to Proffer Additional Evidence (Doc. # 42) is GRANTED.

2. On or before **June 13, 2007,** any party seeking to submit any additional evidence not contained in the administrative record shall file a written proffer of the specific evidence that the party seeks to add to the evidentiary record. The party seeking to submit such evidence may not file the supplemental evidence itself, rather the party must file a written description of the supplemental evidence they would have this Court consider. For exhibits, the proffer must identify the exhibit by describing the nature of the exhibit and to what subject or topic it is relevant. For witnesses, the proffer must identify the name and

title/position of the witness and indicate whether the witness' testimony, if allowed, would be offered live, by deposition, by declaration, or by affidavit. The proffer must also clearly indicate the precise topics about which the witness would testify. Finally, the proffer must explain why each piece of additional evidence, whether offered by witness or exhibit, is not cumulative of the administrative record and is appropriate under binding precedents from the United States Supreme Court or the Eleventh Circuit Court of Appeals. In so doing, the party seeking to submit supplemental evidence must address in a meaningful way the approved reasons for supplementation set forth in *Walker County Sch. Dist. v. Bennett,* 203 F.3d 1293 (11th Cir. 2000) and the limitations on the scope of this Court's review of this case as set forth in *School Bd. of Collier County, Fl. v. K.C.,* 205 F.3d 977 (11th Cir. 2002). **The proffer may not exceed 30 pages in length.**

3. Any opposition to any proffer made in accordance with paragraph 2 of this Order shall be filed no later than **July 9, 2007**. Any such opposition must be very specific in identifying in a precise fashion exactly which evidence or testimony is objectionable and why it is objectionable under the applicable legal authorities.

DONE this the 11th day of May, 2007.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE