# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **K. I.,** by and through her mother and next friend, **JENNIE I.,** and **JENNIE I.** individually ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **CIVIL ACTION NO.:** |
| **MONTGOMERY PUBLIC SCHOOLS,** ) ) | **CV 2:06-CV-905-MEF** |
| Defendant. ) | |

## MOTION TO FILE REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE

Come now, plaintiffs, by and through counsel, and hereby moves this Honorable Court to accept the attached Reply, which plaintiffs seek to file in response to defendant's response (Doc. No. 48) to plaintiff's Motion for Leave to Submit Additional Evidence. (Doc. No. 47). Consequently, plaintiffs request that this Honorable Court accept for filing plaintiffs' Reply to Defendant's response to Plaintiffs' Motion for Leave to Submit Additional Evidence. (Exh. A).

WHEREFORE, plaintiffs respectfully request that this Honorable Court grant their Motion and receive their Reply to Defendant's response to Plaintiffs' Motion for Leave to Submit Additional Evidence.

        Respectfully submitted,


        <u>s/Deborah A. Mattison</u>
        Deborah A. Mattison
        Attorneys for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

## **CERTIFICATE OF SERVICE**

    I do hereby certify that I have on July 27, 2007, filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Buddy Scott
    James R. Seale
    Erika P. Tatum

                                            s/Deborah A. Mattison
                                            OF COUNSEL

A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **K. I., by and through** | ) |
| **her mother and next friend,** | ) |
| **JENNIE I., and JENNIE I. individually** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) CIVIL ACTION NO.: |
| **MONTGOMERY PUBLIC SCHOOLS,** | ) CV 2:06-CV-905-MEF |
| | ) |
| **Defendant.** | ) |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE**

**I. Introduction**

The Montgomery Public Schools (MPS) has failed to demonstrate that plaintiffs' request to admit supplemental evidence should be denied pursuant to *Walker Co. School District v. Bennett*, 203 F. 3d 1293 (11th Cir. 2000) and *School Board of Collier County Florida v. K.C.* 285 F.3d 977 (11th Cir. 2002). Other than generally discuss the holding in *Walker*, MPS did not explain why the standard articulated by the Eleventh Circuit would mitigate against the admission of such evidence. Thus, plaintiffs' motion to supplement should be granted.

## II. Plaintiffs' Supplemental Evidence is Not an Attempt to "Patch Holes" in the Administrative Record.

Plaintiffs' request to supplement the record does **not** stem from a desire to "clean up" or "patch holes" in the administrative record.[1] Indeed, the whole thrust of MPS's argument seems to be that Plaintiffs intentionally kept their experts from reviewing K.I. in Ms. Cartwright's class.

However, nothing could be further from the truth.  Plaintiffs experts did not "fail" to observe K.I. at the Center. And, the K.I.'s placement at the summer program was not at issue, given that the program was provided in a typical school.  *See,* MPS's Response, p. 4. Rather, MPS is well aware that K.I. was not in school at the Center during the administrative hearing because MPS's IEP for K.I. placed her in a homebound program.  K.I. did not return to the Center until the beginning of 2007.  Thus, while Plaintiffs' experts did observe Cartwright's classroom during the hearing, it would have been impossible for them to have observed K.I. at the Center. However, once K.I. returned to the Center,  Plaintiffs' experts evaluated K.I. in her classroom to assess her progress since the hearing and to evaluate the appropriateness of K.I.'s current educational needs.

---

[1] Throughout its Response, MPS quotes extensively from testimony taken at the administrative hearing and offers lengthy interpretations of that testimony, including argument regarding the credibility of certain witnesses.  While such evidence relates to the ultimate merits of this case on appeal, the evidence is largely irrelevant to plaintiffs' motion to supplement.

Moreover, even it such evidence "patches a hole" in the administrative record– by way of presenting plaintiffs' experts' opinions concerning the appropriateness of K.I.'s placement at the Center after observing K.I. in her classroom– such evidence is still admissible under the flexible standard adopted by *Walker*. Plaintiffs' experts inability to observe K.I. at the Center during the hearing was based solely on the fact that MPS had placed K.I. in a homebound program. To the extent that the experts' opinion after observing K.I. at the Center addresses Cole's concern, such evidence is highly relevant to this Court's determination on the merits of this case, including the appropriateness of K.I.'s educational placement.

Contrary to MPS's argument, Plaintiffs' proposed supplemental evidence is not cumulative or repetitive. Rather, the evidence concerns facts– K.I.'s status **after** the hearing– which did not exist at the time of the administrative hearing. It makes little sense for this Court to be called upon to make a determination as to, *inter alia*, the appropriateness of K.I.'s current placement without the benefit of evidence of her current needs.

### III. The Cases Cited by MPS Deviate From the Liberal Standard for Admitting Supplementary Evidence, As Set Forth in *Walker*.

Defendant's response largely ignores the standard articulated by the Eleventh Circuit. As explained in Plaintiffs' initial submission on this issue, in *Walker* and

3

*Collier* the Eleventh Circuit aligned itself largely with the First, Seventh and Ninth Circuits. In doing so it endorsed a flexible standard for the admission of supplemental evidence. Basing a decision to exclude supplementary evidence on these cases would place this Court at odds with Eleventh Circuit precedent.

In its response to Plaintiffs' request to admit supplemental evidence, MPS relies heavily on the Fourth Circuit's decision in *Springer*, which was decided two years before *Walker*. While *Springer* claimed to rely on the standard cited by the First Circuit, in fact, it applied a much a more rigid standard which disallowed supplemental evidence which was available during the administrative hearing. And, notably absent from the Eleventh Circuit's discussion in *Walker* is any endorsement of *Springer*. *Springer* is further distinguishable because– unlike here– the evidence sought to be admitted was available at the time of the administrative hearings.[2] However, the parent choose not to offer the evidence based on a tactical maneuver.

*West Platte R-II Sch. Dist. v. Wilson,* 439 F.3d 782 (8th Cir. 2006) is equally problematic. In reaching its decision in West Platte, the court relied on *Independent School District No. 283 v. S.D.,* 88 F.3d 556 (8th Cir. 1996), a decision referenced in

---

[2]*Marc V. v. N.E. Indep. Sch. Dist.,* 455 F.Supp.2d 577 (W.D. Tex. 2006) is also distinguishable because the additional evidence was available at the time of the administrative hearing level. The court noted that every exhibit was in existence prior to the hearing and available for submission at the administrative level. While the proposed additional witnesses did not testified at the administrative hearing, they were on the plaintiffs' witness list.

*Walker* as the Eighth Circuits "restrictive approach to the issue without expressly adopting *Burlington*." *Walker* at 1299.

Finally, some of the cases relied on by MPS actually support plaintiffs' position. For example, in *Burks v. Bogalusa City Sch. Bd.,* 1999 WL 627398 (E.D.La. Aug. 1999), the court allowed the plaintiffs to supplement the record with a subsequently created IEP and with a reevaluation of the child performed after the administrative hearing.[3] While the Court refused to allow the admission of a supplemental independent education evaluation, it recognized the appropriateness of such evidence if it would update the Court on the child's progress subsequent to the hearing. Likewise, in *M.S. v. Fairfax Count Sch. Bd.,* 2006 WL 2376202 (E.D. Va. Aug. 2006), the court allowed plaintiffs to supplement the record with "evidence of post-hearing IEPs and MS's progress subsequent to the hearing" as "relevant."

In Conclusion, this Court should grant Plaintiffs' motion. The proposed testimony will be based on observations and evaluations of K.I. which were

---

[3]*Sch. Dist. of Wis. Dells v. Z.S.,* 184 F.Supp.2d 860 (W.D. Wis. 2001) contains no description of the proposed additional expert reports beyond the fact that they were prepared after the administrative hearing. It is impossible to know if they addressed the student's subsequent progress. *Gwinnett County Sch. Dist. v. J.B.,* 398 F.Supp.2d 1245 (N.D. Ga. 2005) is distinguishable in that the court did not feel that it had enough evidence to issue a reasoned decision regarding the provision of FAPE. Accordingly, the court set "an evidentiary hearing for the purpose of supplementing the record." Although the court did not allow the plaintiff to submit certain evidence, it did not appear that such evidence concerned events subsequent to the administrative hearing.

unavailable for presentation at the administrative hearing level.  The additional evidence is non-cumulative as it concerns K.I.'s current needs and her progress since the hearing.  This evidence is will not change the character of the hearing to a trial *de novo* Rather, will assist this Court in determining both the merits of plaintiffs' appeal, as well as whether K.I.'s continued placement at the Children's Center is appropriate.[4]

WHEREFORE, plaintiffs respectfully request that this Honorable Court grant their Motion to Supplement the Record.

Respectfully submitted,

s/Deborah A. Mattison
Deborah A. Mattison
Rachel L. McGinley
Attorneys for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

---

[4]Plaintiffs are unclear regarding MPS's assertion concerning Dr. Makris's testimony. MPS primary position concerning K.I.'s placement at the Center was that the facility was superior based on the fact that it housed several nurses.  The parties do not dispute that K.I. needs a (versus several) nurse trained to meet her needs.  Several typical schools within the MPS include nurses.  The question to Dr. Makris related to whether K.I..'s medical condition required nursing services in addition to a (versus several) nurse who was trained to meet her needs.  Dr. Makris confirmed that "an individual" who is able to meet K.I.'s needs while at school is sufficient.  TR 2361.

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on July 27, 2007, filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James R. Seale
Erika P. Tatum

Buddy Scott

                                                s/Deborah A. Mattison
                                                OF COUNSEL