IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| K.I., *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v.  ) | CASE NO. 2:06-cv-905-MEF |
| ) | |
| MONTGOMERY PUBLIC SCHOOLS, ) | (WO) |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves claims brought by Plaintiffs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. This cause is before the Court on Plaintiffs' Motion to Supplement the Record (Doc. # 46), filed June 13, 2007. Plaintiff is seeking to introduce additional evidence in the form of live testimony by Dr. Laura Vogtle, Rochelle West, and Donna Locke. For the reasons stated below, Plaintiffs' motion is due to be DENIED.

**I. FACTS**

Jennie I. has brought this action individually, and on behalf of her minor daughter, against Montgomery Public Schools (MPS) for failing to provide K.I. with a free and appropriate education in violation of the IDEA and § 504 of the Rehabilitation Act. K.I. is a child with arthrogriposis, restrictive lung disease, and a form of muscular dystrophy. Due to her disabilities, K.I.'s movements are very restricted, she has limited movement of her head, arms, and hands, and she cannot speak. She also requires feeding through a

gastrostomy tube and suctioning. From preschool through November 2004, K.I. attended a self-contained school for medically fragile children known as the Children's Center ("the Center"). In November 2004, Jennie I. refused to return her daughter to the Center, and also refused the alternative offered by MPS of homebound services. Jennie I. sought an independent evaluation of K.I.'s educational needs, so she hired Children's Rehabilitation Service ("CRS") for an evaluation. That evaluation was completed by Donna Locke. K.I. was also independently evaluated by Dr. Laura Vogtle, an occupational therapist with the University of Alabama.

On April 21, 2005, J.I requested a due process hearing pursuant to the IDEA to determine whether MPS had failed to provide K.I. with a free appropriate public education by only offering enrollment in the Center or homebound services. Jennie I. accepted homebound service pending the outcome of the hearing.

At the conclusion of the due process hearing, the ALJ concluded that MPS's decision to enroll K.I. at the Center complied with its obligation under the IDEA to provide a free appropriate public education to K.I. On October 6, 2006, Plaintiffs filed this action to appeal the ALJ's ruling.

## II. DISCUSSION

Plaintiffs are seeking leave to introduce evidence in the form of live testimony at trial that was not a part of the record during the due process hearing. The testimony Plaintiffs want to introduce is from Dr. Laura Vogtle, Rochelle West, and Donna Locke. Both Vogtle

and Locke testified at the due process hearing. West did not testify at the hearing because at the time of the hearing she had not evaluated K.I. After the hearing, West took over the job at CRS of evaluating K.I.

A district court hearing an appeal from an administrative decision in an IDEA due process hearing must give the determination of the state educational authorities "due weight" and not simply substitute its judgment. *Walker County School Dist. v. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000). However, the extent of the deference to be given to the administrative decision is left to the sound discretion of the district court, which must consider the administrative findings, but is free to accept or reject them. *See id.* at 1297-98.

The evidence that the court is allowed to consider "generally will be the administrative hearing record." *Id.* at 1298. Pursuant to the IDEA, the district court may also hear "additional evidence" if the party seeking to supplement the record can show a "solid justification" for doing so. *See* 20 U.S.C. § 1415(e)(2); *School Bd. of Collier County v. K.C.*, 285 F.3d 977, 981 (11th Cir. 2002). Reasons for a court to allow "additional evidence" include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Walker County*, 203 F.3d at 1298. However, in determining what "additional evidence" to allow, the trial court must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. *Id.* Accordingly, there is a rebuttable presumption that

3

a witness who testified at the due process hearing is foreclosed from testifying at trial. *Id.*

Moreover, in ruling on a motion for additional evidence, a court must consider the following factors: not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources. *Id.*

**A.     Dr. Laura Vogtle**

Vogtle is an augmentative communication consultant with CRS. Prior to the hearing, Vogtle conducted an independent evaluation of K.I. on three separate visits. At the hearing, Vogtle testified that K.I. required appropriate assistive technology devises and services, including an augmentative communication system. She also testified that in order to identify the appropriate assistive technology, K.I. needed to undergo a comprehensive evaluation. The Center was inadequate, according to Vogtle, because its staff did not have adequate expertise, and K.I. needed to be placed in an educational program where she would interact with less or non-disabled children.

Plaintiffs have moved this Court to allow Vogtle to testify at trial. Plaintiffs have identified four areas they intend her testimony to cover:

1.     The appropriateness of MPS's *current use* of assistive technology, including MPS's *current* staff's abilities to instruct K.I. in the use of assistive technology.

  2.  K.I.'s progress since the hearing in understanding "cause and effect," motivation, responsiveness, and social skills; also, K.I.'s potential abilities in these areas.

  3.  The appropriateness of K.I.'s *current* educational program.

  4.  The relationship between K.I.'s *current* developmental status and responsiveness and her need for socialization with less disabled peers.

This Court does not feel that Plaintiffs have presented a "solid justification" for admitting this additional evidence. Plaintiffs assert that the additional evidence is warranted because it concerns K.I.'s progress after the hearing. However, Plaintiffs have failed to articulate a "solid justification" as to why K.I.'s progress since the hearing will not simply be cumulative and duplicative of the testimony that was presented at the hearing. *See, e.g.*, *West Platte R-II School Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) (affirming district court's decision to disallow testimony in IDEA case from witnesses regarding progress since due process hearing because courts "normally determine these issues based solely on the administrative record").

Based on a review of Plaintiff's proffer of Vogtle's expected testimony, as well as the evidence presented during the hearing, this Court feels that the expected testimony of Vogtle will be cumulative and duplicative of the evidence presented during the hearing and that Plaintiffs have failed to meet their burden to present a "solid justification" for this Court to allow the additional evidence. For example, Plaintiffs' have not articulated how Vogtle's

5

opinions on MPS's "current" use of assistive technology and educational program will be different from her prior testimony or how it will assist this Court in reviewing the administrative record.  Similarly, Plaintiffs' have not specified how Vogtle's testimony regarding the appropriateness of K.I.'s "current" educational program, developmental status, responsiveness, or need for socialization with less disabled peers, will be different from her prior testimony or how it will assist this Court in reviewing the administrative record.

Plaintiffs argue that the testimony should be admitted because it will be based on Vogtle's observations of K.I. at the Center, whereas she did not have the opportunity to observe K.I. at the Center prior to the hearing due to the fact that K.I. was using homebound services at that time.  However, the fact that Vogtle's opinions will be based on different observations does not mean that the testimony will substantively different.  The ALJ's opinion noted that "Petitioner's experts' opinions related to maximizing the Child's potential, which is not required by IDEA."  With this standard in mind, Plaintiffs have failed to meet their burden to show a solid justification explaining how additional testimony from Vogtle will be anything other than cumulative of the testimony at the hearing.  Accordingly, Vogtle will not be allowed to testify at trial.

**B.    Donna Locke and Rochelle West**

Locke is a speech and language therapist who managed the Augmentative Communication Clinic at CRS.  She worked with school districts to provide assistive technology to students with disabilities.  Prior to the hearing, Locke conducted an evaluation

6

of K.I. and assessed K.I.'s ability to use augmentative communication technology. Locke testified at the hearing that she believed K.I. was not cognitively impaired, understood "cause and effect," and could learn the alphabet, colors, and numbers with appropriate assistive technology. Also, Locke believed that K.I. needed to receive direct speech and language services for at least one hour per week from a pathologist specifically trained to use augmentative communication. K.I. also needed to work on communication skills with a special education teacher for at least one hour each day, and be afforded continuous opportunities to use any communication device throughout the day. Locke testified that the Center was inappropriate for K.I. because she is only allowed to use assistive technology occasionally.

West is Locke's successor at CRS and is K.I.'s current speech and language pathologist. West did not evaluate K.I. until after the hearing, and so did not testify at the hearing. Plaintiffs have indicated that they expect West to testify regarding the following subject matters:

    1.    K.I.'s ability to use assistive technology, and her need for extensive exposure to the technology.

    2.    K.I.'s progress in understanding "cause and effect" when working with assistive technology, and K.I.'s ability to respond to stimuli.

    3.    K.I.'s need for exposure to students who can verbally communicate..

    4.    K.I.'s motivation, demonstrated enjoyment of social interactions, and need for

a more stimulating environment including placement with students who are less impaired.

While West did not testify at the hearing, her evaluations of K.I. were conducted as the successor to Locke's position at CRS. Moreover, a review of her proffered testimony, as well as a review of the evidence presented at the hearing, leads this Court to conclude that her testimony would be cumulative and duplicative of evidence presented at the hearing, such as the testimony of Vogtle and Locke. In addition, for the same reasons discussed regarding Vogtle, the fact that West's testimony will be based on observations at the Center is not a sufficient justification to warrant admitting the additional evidence. Consequently, Plaintiffs have failed to meet their burden to show a "solid justification" and West will not be permitted to testify at trial.

Plaintiffs have also moved this court to permit Locke to testify. Plaintiffs submit that Locke will testify as to K.I.'s progress in responsiveness and visual tracking skills, as well as her need for additional auditory and visual stimulation. Locke will also testify about the relationship between K.I.'s present level of functioning and her need for a less restrictive environment. Despite the fact that Locke has only now had the opportunity to observe K.I. at the Center, the Court finds that this testimony will be cumulative and duplicative of the evidence presented at the hearing, such as the prior testimony of Locke. Therefore, Plaintiffs have failed to meet their burden to show a "solid justification" for allowing this additional evidence. Thus, Locke will not be permitted to testify at trial.

## III.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Plaintiffs' Motion to Supplement the Record (Doc. # 46) is DENIED.

DONE this the 30th day of September, 2008.

                                          /s/ Mark E. Fuller
                               CHIEF UNITED STATES DISTRICT JUDGE