IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | | |
|---|---|---|
| K.I., by and through her mother and next friend, Jennie I., *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | CASE NO. 2:06-CV-905-MEF |
| MONTGOMERY PUBLIC SCHOOLS, | ) ) | (WO) |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently before the Court on a Motion to Dismiss or, in the Alternative, Motion to Strike Plaintiffs' Amended Complaint (Doc. # 64), which Defendant filed on October 29, 2008. The Court has carefully considered the submissions of the parties together with the applicable authorities. Upon consideration of those materials and for the reasons set forth below, the Court finds that the Motion to Dismiss is due to be denied and the alternative Motion to Strike Plaintiffs' Amended Complaint is also due to be denied.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331. Defendant has not argued that the Court lacks personal jurisdiction over it, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

Plaintiff K.I. is a student with disabilities for purposes of the Individuals with

Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"). She and her mother as next friend seek by this action a "nondiscriminatory appropriate education," as well as certain other procedural rights, which they claim K.I. is due pursuant to the IDEA and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. They seek this redress in the form of an injunction against defendant Montgomery Public Schools. They also seek compensatory education, compensatory damages, and reasonable attorneys' fees.

Plaintiffs filed their initial Complaint on October 6, 2006. (Doc. # 1.) Defendant timely answered. (Doc. # 3.) Plaintiffs, within the time allowed by the Scheduling Order, moved to amend the complaint. (Doc. # 18.) Defendant opposed the motion to amend. (Doc. # 22.) After the parties litigated issues related to supplementation of the administrative record, the Court granted the Motion to Amend the Complaint on October 14, 2008. (Doc. # 61.) Plaintiffs filed the Amended Complaint the same day. (Doc. # 63.) Rather than submitting an answer to the Amended Complaint, Defendant added one paragraph to the document through which it opposed the Motion to Amend and filed it as a Motion to Dismiss or in the Alternative to Strike.[1] That Motion is now under submission.

---

[1] The new paragraph, number seven, reads:

Most importantly, Plaintiff's Amended Complaint is due to be dismissed and/or stricken as the claims in said Amended Complaint relate to Plaintiff K.I.'s current placement and progress in the school district. For example, in paragraph 26 of the Amended Complaint, Plaintiffs allege, "MPS has failed, and is continuing to fail, to provide KI with a FAPE in the least restrictive environment." This Court's September 30, 2008 Order states, "Plaintiffs have failed to articulate a solid justification as to why K.I.'s progress since the hearing will not simply be cumulative and duplicative of the testimony that was presented at the hearing. Further, the Court found "Plaintiffs have failed to meet their burden to show a 'solid justification' for allowing additional

In the Motion, Defendant argues that this Court should either dismiss or strike the Amended Complaint because it adds new allegations and a request for compensatory damages, and Plaintiffs have met the exhaustion requirement with respect to neither. Defendant argues that "the additional allegations in Plaintiffs' Amended Complaint raise new claims that were not addressed at the due process hearing." (Doc. # 64.) Defendant provides little in the way of specifics to support this assertion. The Motion does say that the Amended Complaint's most important infirmity is that is contains factual allegations relating to events subsequent to the administrative hearing date.

Plaintiffs begin their response by correctly pointing out that they amended the complaint within the time set by the scheduling order in force at the time. Plaintiffs also note that, with the exception of the paragraph quoted above regarding the allegations concerning events after the hearing, the Motion to Dismiss is verbatim the Defendant's response to the Plaintiffs' Motion to Amend Complaint. As Plaintiffs note, the Court found Defendant's response to be without merit in the context of the Motion to Amend Complaint. They also argue that the added factual allegations, which reflect that K.I. remains in the Montgomery Public School System, while true, are largely irrelevant to their IDEA claims, as those claims are to be reviewed based on the administrative record. However, Plaintiffs argue, their Section 504 claims, with respect to which the exhaustion requirement operates differently, require them to aver---if they are to state a claim---that K.I. continues to be in the Montgomery Public School System and continues to be placed in a program with which her

---

evidence. . . . Accordingly, additional claims regarding K.I.'s current status should not be allowed.

-3-

parents disagree.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.[2] Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007); *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id.* at 1965. It is not sufficient that the pleadings merely "[l]eave open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted).

**DISCUSSION**

After careful consideration of the position of the parties and the applicable authorities, the Court agrees with the plaintiffs that the Amended Complaint is not subject to dismissal

---

[2]Defendant does not specify which subsection of Federal Rule of Civil Procedure 12(b) it thinks should operate to result in dismissal of Plaintiffs' claim. The Court thinks the Motion is properly construed as a Motion to Dismiss for Failure to State a Claim and has construed the Motion as such.

and should not be stricken for the reasons pressed by the defendant. Other than the request for compensatory damages under § 504, the Amended Complaint simply adds facts to the allegations in the original Complaint. From the Court's reading, it adds no new claims. While it is true that some of these new averments describe events subsequent to the administrative hearing, the stated claims under the IDEA and the Rehabilitation Act do not arise from those facts, and they are not relevant to the administrative exhaustion requirement. The added factual allegations simply claim that the harm is ongoing.[3] Stating that the harm is ongoing does not create new claims that were not subjected to administrative review and the Court therefore finds no basis to dismiss all or part of the Amended Complaint. Neither the IDEA portion nor the Rehabilitation Act portion of the Amended Complaint fails to state a claim for relief. The Motion to Dismiss is therefore due to be denied. This ruling does not disturb and is not in tension with the Court's earlier Order refusing to allow supplementation of the record.

**Alternative Motion to Strike**

Defendant's Motion contains, as detailed above, a Motion to Strike in alternative to the Motion to Dismiss. Though Defendant does not specify the authority for this Motion, the Court construes it as pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The challenged allegations must be "immaterial, impertinent, or scandalous." Fed R. Civ. P. 12(f). This standard has been interpreted to mean that a motion to strike should be denied unless

---

[3] For example, the Amended Complaint claims that "K.I.'s [individualized education plans] have been, and are still, inadequate . . . " (Doc. # 63 ¶16), and "MPS has failed, and is continuing to fail, to provide K.I. with a [free appropriate public education] in the least restrictive environment." (*Id.* at ¶26.)

the challenged allegations in the complaint have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fa.1995)).

Defendant's alternative Motion to Strike appears to rest on the ground that the Amended Complaint is not what Plaintiffs represented it would be in their Motion to Amend. However, as Plaintiffs rightly point out, the Amended Complaint they filed was in all material respects submitted as an exhibit to the Motion to Amend. The Court therefore granted the Motion to Amend with full benefit of both the proposed amended pleading and Defendant's opposition thereto. Defendant has presented no compelling reason that the Court should reexamine and reverse its earlier ruling. The Court therefore declines to do so. Moreover, the Court, after reviewing the Amended Complaint, finds no matters in it that are "immaterial, impertinent, or scandalous" Fed R. Civ. P. 12(f), as the added factual allegations are material to Plaintiffs' § 504 claims and pleas for injunctive relief. Accordingly, the alternative Motion to Strike is due to be denied.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the Motion to Dismiss or in the Alterative to Strike Plaintiffs' Complaint is DENIED.

DONE this the 5th day of February, 2010.

/s/ Mark E. Fuller<br>CHIEF UNITED STATES DISTRICT JUDGE