IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | | |
|---|---|---|
| K.I., by and through her mother and next friend, Jennie I., *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | CASE NO. 2:06-CV-905-MEF |
| MONTGOMERY PUBLIC SCHOOLS, | ) ) | (WO) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is presently before the Court on a Motion to Strike Plaintiffs' Demand for a Jury Trial (Doc. # 66), which Defendant filed on November 11, 2008. The Court has carefully considered the submissions of the parties together with the applicable authorities. Upon consideration of those materials and for the reasons set forth below, the Court finds that the Motion to Strike Plaintiffs' Demand for a Jury Trial is due to be granted in part and denied in part.

**DISCUSSION**

Plaintiffs filed the initial Complaint on October 6, 2006. (Doc. # 1.) Defendant timely answered. (Doc. # 3.) After over two years of litigation, Plaintiffs timely filed an Amended Complaint on October 14, 2008. (Doc. # 63.) The Amended Complaint contains claims arising under both the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. # 63 ¶ 1.) It also

"demands trial by struck jury," but does not specify whether that demand is as to both claims or only one. The Court therefore assumes the demand is as to all the claims set out in the Amended Complaint.

Defendant Montgomery Public Schools moved to strike the demand for jury trial on November 11, 2008. (Doc. # 66.) In the motion, Defendant argues that because this case is an appeal of a special education due process hearing pursuant to the IDEA, and there is no jury trial right in IDEA cases, the Court should strike the demand. Plaintiffs respond that the Amended Complaint contains a claim under § 504 of the Rehabilitation Act and a prayer for relief in the form of compensatory damages, which cause of action carries with it a constitutional right to a trial by jury. Plaintiffs do not contest Defendant's assertion that no jury trial right exists for IDEA cases.

The Court finds that the Motion to Strike Jury Trial is due to be granted in part and denied in part. First, with respect to Plaintiffs' claims under the Rehabilitation Act, the Eleventh Circuit has held that "suits under § 504 provide to plaintiffs the full spectrum of remedies, such that in appropriate § 504 cases, the Seventh Amendment allows a jury trial," and that a plaintiff's demand for compensatory damages creates a Seventh Amendment jury trial right in § 504 cases. *Waldrop v. S. Co. Servs., Inc.*, 24 F.3d 152, 157 (11th Cir. 1994). Therefore, it is clear that Plaintiffs, upon their proper and timely demand, are entitled by the Seventh Amendment as applied by the Eleventh Circuit to a trial by jury on their Rehabilitation Act claim. Accordingly, Defendant's Motion to Strike is due to be denied to the extent it seeks a contrary outcome.

Second, Plaintiffs did not and cannot dispute that no jury trial right exists for their

IDEA claims, as only injunctive relief and equitable damages are available under that statute. *Whitehead v. School Bd. of Hillsborough County*, 918 F. Supp. 1515, 1523 (M.D. Fla. 1996) ("since only injunctive relief and equitable damages are allowed under IDEA, remedies for which a jury trial is not available under the Seventh Amendment, Plaintiffs' request for a jury trial on Count II would be denied.") Because no jury trial right exists for Plaintiffs' IDEA claims, the demand for jury trial of those claims is due to be stricken and Defendant's Motion to strike the same is due to be granted insofar as it seeks this result.

## CONCLUSION

For the reasons set forth above, it hereby ORDERED that the Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. # 66) is GRANTED in part and DENIED in part. The Motion is granted with respect to the IDEA claims and denied with respect to the Rehabilitation Act claims, as more fully set out above.

DONE this the 5th day of February, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE